**JAMES S. TERRELL (SBN: 170409)**
**Law Office of JAMES S. TERRELL**
**15411 Anacapa Road**
**Victorville, California 92392**
**E-mail: jim@talktoterrell.com**

**SHARON J. BRUNNER, (SBN: 229931)**
**Law Office of SHARON J. BRUNNER**
**14393 Park Avenue, Suite 100**
**Victorville, CA 92392**
**E-mail: sharonjbrunner@yahoo.com**

**Attorneys for Plaintiff**
**RYAN COUTURE**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RYAN COUTURE**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**COUNTY OF SAN BERNARDINO, DEPUTY ERIC GONZALEZ and DOES 1-10, Inclusive.**<br>**Defendants.** | **Case No.: 5:26-cv-1662-SP**<br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Violation of Civil Rights Fourth Amendment – Excessive Force (42 U.S.C. 1983)**<br>2. **Violation of Civil Rights (42 USC 1983) (Failure to Intervene, Failure to Protect)**<br>3. **Battery**<br>4. **Violation of Cal. Civil Code § 52.1 (Bane Act)**<br>5. **Intentional Infliction of Emotional Distress**<br>6. **Negligence**<br><br>**[DEMAND FOR JURY TRIAL]** |

## COMPLAINT FOR DAMAGES

COMES NOW, RYAN COUTURE, for his Complaint against Defendants COUNTY of San Bernardino and DOES 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3. The Plaintiff filed a timely Governmental Tort Claim, pursuant to California Civil Code § 910, therefore state actions are appropriate. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with this Deputy-involved excessive force action on Plaintiff, which occurred in the COUNTY of San Bernardino, California.

## PARTIES

4. At all relevant times, **RYAN COUTURE** ("PLAINTIFF") was an individual residing in the COUNTY of San Bernardino, California.

5. At all relevant times, Defendant **COUNTY OF SAN BERNARDINO** **("**COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department ("SBCSD") and its agents and employees.

6. On information and belief, Defendant Deputy Eric Gonzalez ("**GONZALEZ**") was a resident of the County of San Bernardino and employed by the COUNTY as a police officer/deputy. GONZALEZ is being sued in his individual capacity

7. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants Deputies DOES 1-10.

8. On information and belief, DOES 1-10 were residents of the COUNTY of San Bernardino.

9. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants COUNTY and DOES 6-10.

10. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

11. Plaintiff is ignorant of the true names and capacities of these DOE Defendants, though all are believed to have been employed by Defendant COUNTY or acting in concert with Defendants and in the capacity of state actors, but allege that each such Defendant was in some manner responsible for Plaintiff's injuries due to their own conduct which were either intentionally done or done with reckless indifference to the rights of the Plaintiff.

12. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

13. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents,

servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. This incident occurred on May 8, 2025, at approximately 10:30 a.m.

16. Plaintiff Ryan COUTURE was inside a makeshift tent located in a ravine, or a wash, near the Mountain View Mobile Home Park, in the City of Highland in the county of San Bernardino.

17. Plaintiff Ryan COUTURE observed that the San Bernardino Deputies were in the wash and COUTURE did not want to have contact with law enforcement, so he left the immediate area. Plaintiff Couture was on foot and started to run.

18. Defendant Deputy Erik Gonzalez immediately gave chase and ran after Plaintiff Ryan Couture.

19. Defendant Deputy Erik Gonzalez easily overtook the Plaintiff and tased him knocking him to the ground. There was no warning that the Plaintiff would be tased.

20. Plaintiff COUTURE received several tasing within a few minutes which

were from Deputy Gonzalez and was joined by Deputy Doe 1 who also tased Couture several times.

21. Defendant Deputy Gonzalez did not deescalate the situation even though the Plaintiff was on the ground and helpless.

22. Based upon information and belief, Deputy Gonzalez erroneous believed that the Plaintiff was an MMA fighter.

23. While Plaintiff COUTURE was on the ground and after being tased the Plaintiff received a series of harmful strikes to his face by Defendant Deputy Gonzalez. Deputy GONZALEZ used his elbow and each of the strikes were powerful and intentionally targeting the head of the Plaintiff COUTURE.

24. Plaintiff COUTURE was incapacitated from falling to the ground and having been tased multiple times. Defendant Deputy GONZALEZ used his elbow to strike the Plaintiff's head eight times or more. The powerful elbow strikes to the Plaintiffs head caused unconsciousness and severe pain.

25. Based upon information and belief, Deputy Gonzalez struck Plaintive COUTURE in the head with powerful elbow strikes eight times.

26. Plaintiff COUTURE sustained great bodily harm that was intentionally inflicted by Deputy Gonzalez.

27. After the tasing and beating, COUTURE was handcuffed with his arms behind his back. COUTURE was picked up by Defendant Deputy Gonzalez and DOES 1-10, who applied extreme pain to his body by lifting COUTURE'S

handcuffs straight up. This painful tactic was intentional and done with malicious intent.

28. The walk from the site of the excessive force to the nearest paved street involved going up hills and inclines. Instead of transporting the injured Plaintiff COUTURE in a gurney, DOES 1-10, used pain compliance techniques to force COUTURE to walk.

29. The terrain where the Plaintiff COUTURE was knocked unconscious had no paths and involved climbing which was extremely hard on the injured Plaintiff. The DOE DEPUTIES 1-10, lifted the handcuffs straight up to causing pain, to force COUTURE's body to go forward.

30. Plaintiff COUTURE sustained severe injuries from the excessive force used upon him by Deputy Gonzalez. COUTURE sustained severe injuries to his head, arms, wrist, shoulders and several broken bones in his face.

31. Plaintiff COUTURE sustained long term physical injury and will suffer throughout his lifetime.

## FIRST CAUSE OF ACTION

**VIOLATION OF CIVIL RIGHTS (Fourth Amendment —Excessive Force)**
**(42 U.S.C. § 1983)**
**(Plaintiff Against Defendant Deputy Gonzalez and DOES 1-10)**

32. Plaintiff COUTURE repeats and re-alleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

33. Commencing on or about the aforementioned date and acting under color of law, the Defendant Deputy Gonzalez, and DOES 1-10, each of them, intentionally and maliciously deprived Plaintiff COUTURE of his rights to be secured to him by the Fourth Amendment to the Constitution of the United States of America in that the Defendants, each of them subjected Plaintiff to unreasonable, unnecessary, excessive force tending to cause serious bodily injury during the arrest even though there is no strong governmental interest compelled the need for the deputies to use force, especially to use force likely to cause substantial risk of serious bodily injury, including but not limited to doing the following:

a. Defendant Deputy Gonzalez and Doe Defendants 1-10 used force likely to cause a substantial risk of serious bodily injury even though Plaintiff did not pose a threat of death or serious physical injury to the deputies or others by striking Plaintiff on his face and head;

b. Tasing Plaintiff multiple times when he complied with commands by Defendant Deputy Gonzalez and Doe Defendants;

c. Failing to deesculate the situation and actually increasing the potential risk of harm by stating Plaintiff was an MMA fighter

d. Deputy GONZALEZ and DOES 1-10, created false evidence by shouting “Stop resisting.”

e. Striking Plaintiff in the head with a hard object;

f. Punching Plaintiff’s head with elbow strikes, knocking Plaintiff

unconscious.

34. At all times during the events described herein, the DOE Defendants assisted each other in performing the various actions described and lent their physical presence and support and authority of their office to each other during the event and engaged in a conspiracy to cover up the use of excessive force, by among other things, claiming that plaintiff while lying flat on the ground, refused to comply with orders.

35. As a legal result of Defendants Gonzalez and Does 1-10's acts and omissions as described, Plaintiff suffered extreme pain and suffering. Plaintiff suffered serious physical injuries and incurred medical bills for health care and future expenses for medical services to treat those injuries. Plaintiff continues to experience pain from the injuries he sustained at the hands of Defendants.

36. The aforementioned acts and omissions to act by the Defendants were committed by each of them knowingly, willfully, and maliciously, with the intent to harm and injured Plaintiff. Plaintiff seeks punitive and exemplary damages from Defendants, individually, and each of them (not COUNTY) in the amount proved.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (42 USC 1983)
## FAILURE TO ACT-INTERVENE-FAILURE TO PROTECT
## (Plaintiff v. DOES 1-10)

37. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through 36.

38. Defendant Deputy DOES acted under color of State law within the course and scope of their duties in making the arrest of the Plaintiff. In the course of that arrest, Defendants violated the Plaintiff's Fourth, Fifth and Fourteenth Amendments right not to be deprived of "life, liberty or property, without Due process of law." All of these rights were breached when the Does 1-10 allowed Deputy Gonzalez to strike the Plaintiff COUTURE who was defenseless in the head with his elbow and used excessive force.

39. The Defendant Deputy DOES failed to protect Plaintiff. Defendants DOES 1-10 refused or failed to take any reasonable steps to stop the excessive force being administered by Defendant Deputy GONZALEZ.

40. As a result of the Defendants at the scene taking no action, each DOE Defendant failed to protect the Plaintiff who was subjected to excessive force by Deputy GONZALEZ. While working under color of law, the DOE Defendants at the scene of this incident took no action. As a legal result of their conduct, the Defendants at the scene are liable for Plaintiff's injuries because they were an integral participant in failing to protect Plaintiff from an intolerable risk of severe bodily harm.

41. As a result of the actions of the Defendants DOES 1-10, Plaintiff suffered injury.

42. As a direct result of the foregoing, Deputy GONZALEZ using excessive force and DOES 1-10 failing to intervene, Plaintiff is entitled damages according

to proof, including general, and punitive damages (not County) and attorneys fees.

**THIRD CAUSE OF ACTION**
**(Battery – Violation of California)**
**(By Plaintiff Against Deputy Gonzalez and All DOE Defendants)**

43. Plaintiff hereby re-allege and incorporates by reference each and every paragraph of this Complaint.

44. Defendant Deputy Gonzalez and DOES 1-10, while working as an employee for Defendant COUNTY of San Bernardino Sheriff's Department and acting within the course and scope of their duties, intentionally and assaulted and battered Plaintiff without a lawful basis. Plaintiff was grabbed and hit with fists and elbows.

45. As a result of the actions of the Defendants, Plaintiff suffered injuries. Defendant Deputy GONZALEZ did not have a legal justification for using force against Plaintiff. Defendant GONZALEZ'S acts were willful, intentional and offensive.

46. Plaintiff did not consent to be touched or beaten by Deputy Gonzalez.

47. Defendant COUNTY is vicarious liable, pursuant to California Government Code § 815.2(a), for the violation of rights by its employees and agents.

48. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injury and is entitled to relief according to proof.

49. WHEREFORE, Plaintiff prays for relief as hereinafter set forth above.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL CODE §52.1(b)**

**(By Plaintiff Against Deputy Gonzalez and All DOE Defendants)**

50. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 49 above, as though fully set forth herein.

51. By the actions and omissions described above, Deputy GONZALEZ and DOES 1-10, violated and/or interfered with Plaintiff's state and/or federal rights through threats, and/or intimidation, and/or coercion, thereby entitling Plaintiff to sue for damages under California Civil Code § 52.1, subdivision (b).

52. The violations included depriving Plaintiff of the following well-settled constitutional rights that are secured by the U.S. Constitution, the California Constitution, and California law:

i. The right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments.

ii. The right to be free from unreasonable searches and seizures, as secured by Article I, section 13 of the California Constitution; and,

iii. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

53. Defendant COUNTY is liable under California Government Code § 815.2 for the Civil Code § 52.1(b) violations, committed within the course and scope of the named Defendants' employment.

54. As a proximate result of the foregoing wrongful acts, the Plaintiff sustained injuries and damages, as set forth above. The Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

55. In committing the acts alleged above, the Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined as set forth in Civil Code 52 (b) (1); Attorney fees, Civil Code 52 (b)(3); General and Special Damages according to proof, including treble damages.

**FIFTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(By Plaintiff Against Deputy Gonzalez and DOE Defendants)**

56. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 55 above, as though fully set forth herein.

57. Defendant Deputy GONZALEZ and DOES 1-10 intentionally performed outrageous acts that resulted in the infliction of emotional distress upon Plaintiff. The Defendants held down the handcuffed Plaintiff after striking him and tasing him.

58. Defendants' conduct resulted in Plaintiff suffering severe emotional distress with physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

59. Defendant COUNTY is liable under California Government Code § 815.2 for the intentional infliction of emotional distress, committed within the course and scope of the named Defendants' employment.

60. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against the COUNTY.

**SIXTH CAUSE OF ACTION**
**NEGLIGENCE**
**(By Plaintiff Against Defendant Deputy Gonzalez and All DOE Defendants)**

61. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above, as though fully set forth herein.

62. Plaintiff pleads in the Alternative; At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation and each Defendant owed Plaintiff the duty to act with reasonable care.

63. These general duties of reasonable care and due care owed to Plaintiff by all Defendants included, but were not limited to, the following specific obligations:

a. To refrain from using excessive force while detaining or seizing Plaintiff;

b. To refrain from using deadly strikes to Plaintiff's head;

c. To refrain from using excessive force after handcuffing Plaintiff;

d. To refrain from violating Plaintiff's rights to be treated fairly;

e. To refrain from wrongfully seizing Plaintiff;

f. To refrain from abusing the authority granted to Defendants by law;

g. To refrain from violating Plaintiff's rights, which are guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

64. Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

65. Defendant COUNTY liable under California Government Code § 815.2 for the negligence, committed within the course and scope of the named Defendants' employment.

66. As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

///

///

///

///

**WHEREFORE, Plaintiff prays for relief as hereinafter set forth.**

## PRAYER FOR RELIEF

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For Punitive damages (not as to COUNTY) in a sum according to proof;
4. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1983;
5. For statutory civil penalties
6. For cost of suit herein incurred; and
7. For recovery as allowed under the Bane Act
8. For such other and further relief as the Court deems just and proper.

Dated: _07/14/26_______ LAW OFFICES OF JAMES S. TERRELL

__*/s/James S. Terrell*__________

James S. Terrell
Attorney for Plaintiff

Dated: _07/14/2026_____ LAW OFFICES OF SHARON J. BRUNNER

__*/s/Sharon J. Brunner*__________

Sharon J. Brunner
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:0*7/14/2026*______ LAW OFFICES OF JAMES S. TERRELL

_*/s/James S. Terrell*__________________

James S. Terrell
Attorney for Plaintiff

Dated: 07/14/26________ LAW OFFICES OF SHARON J. BRUNNER

s

_/s/Sharon J. Brunner______________

Sharon J. Brunner
Attorney for Plaintiff